# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

SANDRA MARESCA,

        Plaintiff,

v.                                                              Case No. 8:24-cv-1389-JRK

FRANK BISIGNANO,
Commissioner of Social Security,[1]

        Defendant.

_____

## OPINION AND ORDER[2]

### I.   Status

Sandra Maresca ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of chronic fatigue syndrome, fibromyalgia, migraines, high blood pressure, depression, attention deficit hyperactivity disorder ("ADHD"), and post-traumatic stress disorder ("PTSD"). Transcript of Administrative

---

[1]     Frank Bisignano was recently confirmed as the Commissioner of Social Security. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Mr. Bisignano should be substituted as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]     The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Order Regarding Consent to Magistrate Judge Jurisdiction in Social Security Appeals (Doc. No. 117), Case No. 3:21-mc-1-TJC (outlining procedures for consent and Defendant's generalized consent to Magistrate Judge jurisdiction in social security appeals cases); consent by Plaintiff indicated in docket language for Complaint (Doc. No. 1).

Proceedings (Doc. No. 9; "Tr." or "administrative transcript"), filed August 6, 2024, at 69, 79, 206. Plaintiff protectively filed an application for DIB on March 15, 2021, alleging a disability onset date of May 1, 2015.[3] Tr. at 180-86. The application was denied initially, Tr. at 69-76, 77, 93-96, and upon reconsideration, Tr. at 78, 79-86, 104-07.[4]

On April 18, 2023, an Administrative Law Judge ("ALJ") held a hearing,[5] during which she heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 32-68. On October 31, 2023, the ALJ issued a Decision finding Plaintiff not disabled through December 31, 2020, the date she was last insured for DIB (the "DLI"). See Tr. at 17-26.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted a brief authored by her counsel. See Tr. at 4-5 (Appeals Council exhibit list and order), 178-79 (request for review), 286-87 (brief). On May 1, 2024, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On June 7, 2024, Plaintiff commenced this action under 42 U.S.C. § 405(g) by

---

[3]     Although actually completed on April 26, 2021, see Tr. at 180, the protective filing date for the DIB application is listed elsewhere in the administrative transcript as March 15, 2021, see, e.g., Tr. at 69, 79.

[4]     Some of these documents are duplicated in the administrative transcript. Citations are to the first time a document appears.

[5]     The hearing was held via telephone, with Plaintiff's consent, because of the COVID-19 pandemic. Tr. at 34, 153-54, 171-72.

timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff contends the ALJ "fail[ed] to properly evaluate [her] symptoms and limitations from migraine headaches." Memorandum in Opposition to the Commissioner's Decision (Doc. No. 23; "Pl.'s Mem."), filed December 6, 2024, at 3 (emphasis and capitalization omitted). On February 5, 2025, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 26; "Def.'s Mem.") responding to Plaintiff's argument. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II.   The ALJ's Decision

When determining whether an individual is disabled,[6] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that

---

[6]      "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 19-26. At step one, the ALJ determined that Plaintiff "did not engage in substantial gainful activity during the period from her alleged onset date of May 1, 2015, through her [DLI] of December 31, 2020." Tr. at 19 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff through the DLI "had the following severe impairments: Fibromyalgia, Chronic Fatigue Syndrome, Migraines, Degenerative Disc Disease of the Cervical Spine, Obesity, and Hypertension." Tr. at 19 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff through the DLI "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 21 (emphasis and citation omitted).

The ALJ determined that Plaintiff had the following RFC through the DLI:

> [Plaintiff could] perform light work as defined in 20 CFR [§] 404.1567(b) except [Plaintiff] is able to lift and carry 20 pounds occasionally and lift and or carry up to 10 pounds frequently. She can sit, stand, and walk for a period of 6 hours and push and pull as much as she can lift and carry. [Plaintiff] can frequently climb ramps and stairs, occasionally climb ladders, ropes, or scaffolds. She can frequently balance, stoop, kneel, crouch and crawl. [Plaintiff] can have frequent exposure to unprotected heights, moving mechanical parts, frequent exposure to extreme cold, extreme heat, frequently [sic] in vibration and in loud noise environment.

Tr. at 21 (emphasis omitted).

At step four, the ALJ relied on the VE's hearing testimony and found that Plaintiff through the DLI "was capable of performing past relevant work as a Secondary School Teacher." Tr. at 24 (emphasis omitted). The ALJ then made alternative findings at the fifth and final step of the sequential inquiry. After considering Plaintiff's age ("47 years old . . . on the [DLI]"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's testimony and found through the DLI that "there were other jobs that existed in significant numbers in the national economy that [Plaintiff] also could have performed," Tr. at 25, such as "Teller," "Salesclerk," and "School Bus Monitor," Tr. at 26 (some emphasis and citation omitted). The ALJ concluded Plaintiff "was not under a disability . . . at any time from May 1, 2015, the alleged onset date, through December 31, 2020, the [DLI]." Tr. at 26 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

# IV.  Discussion

Plaintiff argues the ALJ erred in failing to properly evaluate the symptoms and limitations resulting from her migraine headaches. Pl.'s Mem. at 3-8. Responding, Defendant contends "[t]he ALJ properly evaluated the evidence of record related to Plaintiff's migraines." Def.'s Mem. at 4 (emphasis omitted).

"[T]o establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." Holt, 921 F.2d at 1223.

The Regulations provide that an ALJ "will" consider the following factors related to symptoms such as pain:

> (i) [The claimant's] daily activities; (ii) The location, duration, frequency, and intensity of [the claimant's] pain or other symptoms; (iii) Precipitating and aggravating factors; (iv) The type, dosage, effectiveness, and side effects of any medication [the claimant] take[s] or ha[s] taken to alleviate [his or her] pain or other symptoms; (v) Treatment, other than

> medication, [the claimant] receive[s] or ha[s] received for relief of [his or her] pain or other symptoms; (vi) Any measures [the claimant] use[s] or ha[s] used to relieve [his or her] pain or other symptoms . . .; and (vii) Other factors concerning [the claimant's] functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3)(i)-(vii); see Raper v. Comm'r of Soc. Sec., 89 F.4th 1261, 1277 (11th Cir. 2024). The factors must be considered "in relation to other evidence in the record and whether the claimant's statements conflict with other evidence." Raper, 89 F.4th at 1277 (citation omitted); see 20 C.F.R. § 404.1529(c)(4). To reject the claimant's assertions of subjective symptoms, "explicit and adequate reasons" must be articulated by the ALJ. Wilson, 284 F.3d at 1225; see also Dyer, 395 F.3d at 1210; Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992).

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations," 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), and "is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities," SSR 96-8P, 1996 WL 374184 at *3. It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1545(a)(5), 416.945(a)(1). In assessing a claimant's RFC, the ALJ "must consider

limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1268 (11th Cir. 2019)); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

Here, Plaintiff testified that she had about ten migraines per month during the period under consideration by the ALJ (prior to the DLI). Tr. at 50. According to Plaintiff, they affected her ability to work and lasted varying lengths. Tr. at 50. Medications prescribed for the migraines "made [her] feel loopy" so it "was hard to work when taking the migraine medicine." Tr. at 50. Plaintiff admitted that the medication would help the migraines while simultaneously making her "fibromyalgia worse for some reason" and also making her feel "spacey." Tr. at 50.

The ALJ specifically recognized Plaintiff's testimony that "migraine headaches," among other impairments, are responsible for her alleged inability to work, before finding that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms" but that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these

symptoms are not entirely consistent with the medical evidence and other evidence in the record." Tr. at 22.

In so finding, the ALJ discussed the medical evidence and observed that Plaintiff's "migraine headache symptoms had improved with the removal of her IUD." Tr. at 22. The ALJ recognized Plaintiff's complaints of headaches and other symptoms to her medical providers, but contrasted all of the alleged symptoms with activities such as "caring for her dogs [and] occasionally caring for horses at a nearby stable." Tr. at 23 (citation omitted). The ALJ found that "[t]he frequency of [Plaintiff's] migraines were documented toward the end of 2020 to occur two to three times per month which have shown to have decreased due to medication." Tr. at 23. The ALJ also recognized that Plaintiff "reported that when they do occur, severity is affected by noise and light." Tr. at 23 (citation omitted).

As for the opinion evidence, the ALJ found "partially persuasive" the state agency physicians' conclusions that Plaintiff could perform a full range of light exertion, but the ALJ further found that Plaintiff's "migraine headaches support greater environmental limitations," Tr. at 24 (citation omitted), and assigned such limitations in the RFC, Tr. at 21.

Although Plaintiff cites some evidence of migraine headaches, including the "intractable" type, see Pl.'s Mem. at 6 (citations omitted), the ALJ's Decision makes clear that she adequately considered Plaintiff's complaints about the

migraine headaches and accepted them only to the extent consistent with the RFC. Otherwise, the ALJ found the alleged severity to be inconsistent with the balance of the evidence, and Plaintiff does not quarrel with any of the ALJ's specific findings in that regard. Plaintiff has not shown reversible error.

## V.   Conclusion

The ALJ's Decision is supported by substantial evidence. In light of the foregoing, it is

**ORDERED**:

1.     The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **AFFIRMING** the Commissioner's final decision.

2.     The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 22, 2025.

*James R. Klindt*

JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record

- 11 -